**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**GREG PETTERSON KING,**

     **Plaintiff,**

**v.**                            **Case No. 5:12cv312/MP/CJK**

**CORRECTIONS CORPORATION
OF AMERICA, et al.,**

     **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed a second amended civil rights complaint under 42 U.S.C. § 1983. (Doc. 21). The Court has reviewed the complaint and concludes that this case should be dismissed for plaintiff's failure to state a claim upon which relief can be granted.

BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an inmate of the Florida Department of Corrections ("DOC") currently confined at Graceville Correctional Facility ("Graceville CF"), which is a private prison facility owned and operated by Corrections Corporation of America ("CCA") under a contract with the DOC. Plaintiff's second amended complaint names as defendants four prison officials at Graceville CF: Case Manager Gina Cainion, Correctional Counselor Bethea, Correctional Counselor Abraham Curry and

Correctional Counselor John Winslett. (Doc. 21, pp. 1-2). Plaintiff sues the defendants in their individual capacities. (*Id*., p. 10). Plaintiff claims the defendants violated his rights under the Eighth Amendment when they ignored his medically-issued low bunk pass. Plaintiff alleges in support of this claim that upon his release from segregation on February 27, 2012, he was assigned to A-dormitory. (*Id*., p. 5). When plaintiff arrived at A-dorm, Officer Bramblit advised plaintiff of his bunk assignment, which was to an upper bunk. Plaintiff informed Bramblit of his low bunk pass. Officer Bramblit confirmed the pass and advised an unknown officer. (*Id*., p. 6). Plaintiff was then instructed (it is unclear by whom) "to go to [his] assigned bunk or go to confinement" and that the issue would be resolved the next day. (*Id*.). During the next four days (February 28, 2012 through March 4, 2012), plaintiff advised defendants Bethea, Curry, Cainion and Winslett (separately) that he had a low bunk pass, showed these defendants his pass, and requested reassignment to a low bunk. (*Id*.). Bethea, Curry, Cainion and Winslett ignored plaintiff's requests. (*Id*.). On March 5, 2012, plaintiff fell backwards as he was trying to climb onto his upper bunk. (*Id*.). Plaintiff suffered head and back injuries, and was taken by ambulance to the Jackson County Hospital where he received medical treatment. Plaintiff states that as a result of the fall, he "now wear[s] a back brace and is force[d] to seek medical attention for persistent, ongoing and recurring pain." (*Id*., p. 7). As relief for defendants' alleged unconstitutional conduct, plaintiff seeks declaratory relief and compensatory and punitive damages. (*Id*., p. 10).

## DISCUSSION

Title 28 U.S.C. § 1915 mandates that the district court dismiss an *in forma pauperis* action if the Court determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief

against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).
The Court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v.
Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Dismissals for failure
to state a claim are governed by the same standard as Federal Rule of Civil Procedure
12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The Court
accepts all factual allegations in the complaint as true and evaluates all reasonable
inferences derived from those facts in the light most favorable to the plaintiff.
*Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). In applying this rule,
however, only <u>well pleaded</u> factual allegations are taken as true and only <u>reasonable</u>
inferences are drawn in favor of the plaintiff. *See Oladeinde v. City of Birmingham*,
963 F.2d 1481, 1485 (11th Cir. 1992); *Marrero v. City of Hialeah*, 625 F.2d 499, 502
(5th Cir. 1980);[1] *see also Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97,
100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true"). Mere
"labels and conclusions" are not accepted as true. *Bell Atl. Corp. v. Twombly*, 550
U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (*citing Papasan
v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (noting that
courts "are not bound to accept as true a legal conclusion couched as a factual
allegation")); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1951, 173 L. Ed. 2d
868 (2009) (explaining that conclusory allegations are not entitled to a presumption
of truth); *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1266 (11th Cir. 2009)
(stating that "in testing the sufficiency of the plaintiff's allegations, we do not credit
. . . conclusory allegations as true").

---

[1]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh
Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to
October 1, 1981.

As the Supreme Court reiterated in *Iqbal*, *supra*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*, 129 S. Ct. at 1949.  A complaint or counterclaim must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The mere possibility that the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim. *Id.*  The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007), that is, "across the line from conceivable to plausible." *Id.*, 550 U.S. at 570, 127 S. Ct. at 1974.

Taking the allegations of plaintiff's second amended complaint as true and construing them in the light most favorable to him, plaintiff fails to state a plausible Eighth Amendment against the defendants.    The Supreme Court has recognized that a prisoner may challenge the conditions of his confinement. *See Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399, 69 L. Ed. 2d 59 (1981).  A conditions-of-confinement claim requires a two-prong showing:  "an objective showing of a deprivation or injury that is 'sufficiently serious' to constitute a denial of the 'minimal civilized measure of life's necessities' and a subjective showing that the official had a 'sufficiently culpable state of mind.'" *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010) (*quoting Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994)).

The Supreme Court has set a high bar for the objective component of a claim challenging a condition of confinement.    The Court has observed that "the

Constitution does not mandate comfortable prisons." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (*quoting Rhodes*, 452 U.S. at 349, 101 S. Ct. at 2400). "If prison conditions are merely 'restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society.'" *Id.* (*quoting Rhodes*, 452 U.S. at 347, 101 S. Ct. at 2399). "[T]o make out a claim for an unconstitutional condition of confinement, 'extreme deprivations' are required." *Thomas*, 614 F.3d at 1304 (*quoting Hudson v. McMillian*, 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L. Ed. 2d 156 (1992)). A prison condition is unconstitutional only if it deprives the plaintiff of a human need, *Jordan v. Doe*, 38 F.3d 1559, 1565 (11th Cir. 1994) (*citing Wilson v. Seiter*, 501 U.S. 294, 305, 111 S. Ct. 2321, 2327, 115 L. Ed. 2d 271 (1994)), or otherwise "'pose[s] an unreasonable risk of serious damage to his future health' or safety," *Chandler*, 379 F.3d at 1289 (*quoting Helling v. McKinney*, 509 U.S. 25, 35, 113 S. Ct. 2475, 2481, 125 L. Ed. 2d 22 (1993)).

The subjective component of a conditions-of-confinement claim requires that "the official had a 'sufficiently culpable state of mind.'" *Thomas*, 614 F.3d at 1304 (*quoting Farmer*, 511 U.S. at 834, 114 S. Ct. at 1977). "[T]he relevant state of mind is deliberate indifference." *Id.* (*citing Wilson*, 501 U.S. at 303, 111 S. Ct. at 2327). Deliberate indifference has three components: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Farrow v. West*, 320 F.3d 1235, 1245 (11th Cir. 2003). For an official to have subjective knowledge of the risk of harm, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837, 114 S. Ct. at 1979.

Whether an officer was aware of a risk of serious harm may be deduced from circumstantial evidence such as the obviousness of the situation confronting the officer. *Farmer*, 511 U.S. at 842-43, 114 S. Ct. at 1981. A mere negligent failure to protect an inmate does not state a claim under § 1983. *Davidson v. Cannon*, 474 U.S. 344, 347-48, 106 S. Ct. 668, 670, 88 L. Ed. 2d 677 (1986).

A viable complaint must also show that the prison official responded to the risk in an objectively unreasonable manner. *Cottone v. Jenne*, 326 F.3d 1352, 1358 (11th Cir. 2003) (*citing Farmer*, 511 U.S. at 834, 844-45); *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1027 (11th Cir. 2001) ("[O]fficials, to be liable, must be aware of a substantial risk of serious harm to the inmates and not take reasonable measures to alleviate that risk."). The officer must have a realistic opportunity to prevent the illegal conduct. *See Ensley v. Soper*, 142 F.3d 1402, 1407-08 (11th Cir. 1998); *Byrd v. Clark*, 783 F.2d 1002, 1007 (11th Cir. 1986); *Yang v. Hardin,* 37 F.3d 282, 285 (7th Cir. 1994). "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844, 114 S. Ct. at 1982-83. Finally, a plaintiff must show that the defendant's indifference caused the plaintiff's injury. *Cottone*, 326 F.3d at 1359 (*citing Marsh*, 268 F.3d at 1028).

Plaintiff's sole allegation in support of the objective component of his claim is that he had a medically-issued low bunk pass. This allegation, alone, is insufficient. Plaintiff does not allege why he had a medically-issued low bunk pass, much less that the medical condition was serious. *See, e.g., Burley v. Upton*, 257 F. App'x 207, 210 (11th Cir. 2007) (holding that prisoner failed to establish an objectively serious medical need where he alleged merely that he had a "medical profile" card requiring a bottom bunk, but never explicitly stated why he had a

medical profile for a lower bunk; even if district court could infer that prisoner had the medical profile card because of his history of lower back pain, lower back pain is not the type of serious condition the Eleventh Circuit requires to establish an Eighth Amendment claim).

Plaintiff's allegations also fail to establish the subjective intent of deliberate indifference. Plaintiff alleges the defendants subjectively knew they were exposing him to a substantial risk of serious harm by not immediately moving him to a low bunk, because: (1) they knew he had a medically-issued low bunk pass; (2) DOC policy required CCA personnel to consider medical passes prior to assigning a bunk; (3) corrections counselors are required to immediately move an inmate upon being notified that the inmate has been placed in improper housing due to medical requirements; (4) unit managers are charged with the care, custody and control of inmates and have the absolute authority to move any inmate with a low bunk pass to a low bunk if the inmate is currently housed in an upper bunk; (5) all correctional counselors and unit managers receive training and are aware of their obligation to comply with medical exemption passes, and (6) if a correctional counselor or unit manager fails to comply with a medical exemption pass for a low bunk that person is acting contrary to DOC policy, the CCA's contract with the DOC, and the CCA's policies and "care principles". (Doc. 21, pp. 8-9). Plaintiff asserts in conclusory terms that the defendants' acts " were more than mere negligence." (*Id*., p. 9).

"[F]ailure to follow procedures does not, by itself, rise to the level of deliberate indifference because doing so is at most a form of negligence." *Taylor v. Adams*, 221 F.3d 1254, 1259 (11th Cir. 2000). It would be a different situation if the policy that the defendants failed to follow put them on notice that their actions would create a substantial risk of serious harm to inmates, but plaintiff makes no such allegation.

Plaintiff also fails to allege that the defendants were aware of the medical condition underlying plaintiff's low bunk pass, such that the condition put them on notice that their actions would create a substantial risk of serious harm to plaintiff. Plaintiff's failure to nudge his deliberate indifference claim "across the line from conceivable to plausible", *Twombly*, 550 U.S. at 570, warrants dismissal of the claim. *See, e.g., Goodman v. Kimbrough*, 718 F.3d 1325, 1332-34 (11th Cir. 2013) (holding that pretrial detainee presented no evidence that officers were subjectively aware of risk of serious harm arising from detainee's exposure to cellmate and that officials deliberately disregarded that risk as required to support detainee's § 1983 claim of deliberate indifference; officers' failure to conduct cell checks and head counts and their deactivation of emergency call buttons, in contravention of jail policy, constituted negligence but did not justify constitutional liability under § 1983); *Losey v. Warden*, — F. App'x —, 2013 WL 2450736, at *2 (11th Cir. June 4, 2013) (holding that prisoner's allegations – that two correctional officers failed to follow procedures for official count of prisoners and thereby failed to protect prisoner from rape by fellow inmate – failed to state a claim of deliberate indifference; complaint alleged that one officer failed to conduct official count in accordance with prison policy requiring officers to go cell-to-cell and have each prisoner stand by his bunk, and that other officer falsely documented that official count had been taken, but officers' alleged actions did not rise to the level of deliberate indifference and instead was at most only a form of negligence).

Finally, plaintiff's allegations fail to establish causation. Plaintiff must establish that the alleged constructional deprivation was the legal cause of his injury. Plaintiff's allegation that he fell while climbing to the upper bunk, without more, does not reasonably support an inference that the cause of his fall was the medical

condition underlying the low bunk pass.

Accordingly, it is respectfully RECOMMENDED:

1. That this cause be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted.

2. That the Clerk be directed to close the file.

At Pensacola, Florida this 7th day of October, 2013.


*/s/ Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).