# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

GREG PETTERSON KING,

    Plaintiff,

v.                                                                         CASE NO. 5:12-cv-00312-MP-CJK

CORRECTIONS CORPORATION OF AMERICA, et al.,

    Defendants.

_____/

## **O R D E R**

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation (Doc. 24) that this case be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). Petitioner has filed objections at Doc. 25. I have made a de novo review based on those objections.

Having considered the Report and Recommendation, and the timely filed objections, I have determined that the Report and Recommendation should be adopted. The plaintiff is a prisoner who was issued a medical pass by prison doctors stating that he must have a low bunk but without giving any specifics as to why. After a period of close confinement, he was set to be returned to the general population. He alleges in his Second Amended Complaint that despite presenting the pass to various officials he was required to have a top bunk. He never alleged that he told the officials the medical basis for his low bunk pass. Eventually, while

trying to climb to the top bunk, he allegedly fell and permanently injured his back.

He sued the officials in their individual capacities for cruel and unusual punishment based on the failure to honor his medical pass for a low bunk. The Magistrate Judge recommends dismissing the case without serving it on the prison officials, concluding that the plaintiff failed to tell the officials the medical basis for his medical pass and so they could not have perceived a serious risk of harm by putting him in a top bunk. Plaintiff objects, admitting that although he "spent hours explaining his medical pass to defendants" Doc. 25, p. 4, he did not relate the underlying condition to them because "health care information is not generally provided to correctional staff" due to the prisoner's privacy. Id.

To this day, petitioner still has not alleged the specifics of what his medical condition was. The Court agrees with the Magistrate Judge that this destroys his claim in three ways. First, deliberate indifference contains both an objective and subjective component. The objective component is that plaintiff must first establish an objectively serious medical need. A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir.2003) (citation and quotation marks omitted). Further, the "medical need must be one that, if left unattended, poses a substantial risk of serious harm." Id. (citation and quotation marks omitted). Here, since we still have no allegation of the medical condition, we do not know the level of risk and the severity of harm. Thus, despite being allowed to amend his claims, plaintiff has not adequately plead the objective prong.

Second, once a serious medical need is shown, the plaintiff must satisfy the subjective element—establishing that the prison official acted with deliberate indifference to that need. An official acts with deliberate indifference when that official knows that an inmate is in serious need of medical care but fails or refuses to obtain proper treatment. To prove deliberate indifference, a plaintiff must show "(1) subjective knowledge of a risk of serious harm [and] (2) disregard of that risk; (3) by conduct that is more than mere negligence." Farrow, 320 F.3d at 1245. Inadvertent or negligent failure to provide adequate medical care does not constitute deliberate indifference.  Here, our case is like Burley v. Upton, 257 F. App'x 207 (11th Cir. 2007), where the plaintiff had a low bunk medical profile but did not explain to the guards or the court why.  The Burley court rejected his claims with the following language:

> In this case, Burley offered no evidence to suggest that he had a "serious medical need" that, if left unattended, would pose a serious risk of medical harm. He never explicitly stated why he had a medical profile for a lower bunk. He, therefore, failed to meet his burden of proof. The district court inferred, however, that Burley had the medical profile because of his history of lower back pain. Even if that was the case, lower back pain is not the type of serious condition this circuit requires.

Id. at 209-10.

Here, the Court does not even have an alleged "history of lower back pain" to use to infer his condition, because plaintiff has not provided allegations of his medical condition.  Thus plaintiff has not adequately plead the subjective component.

Finally, plaintiff cannot show causation -- that the medical condition that underlay the low bunk pass caused the fall which resulted in the injuries for which he sues or exacerbated the results of the fall.  Without knowing what the medical condition was, the fact finder cannot

determine if it caused anything.  Thus, the Magistrate Judge was correct in recommending that plaintiff has not adequately plead causation.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. The Second Amended Complaint, Doc. 21, is DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted.

**DONE AND ORDERED** this   *26th* day of August, 2015

                     *s/Maurice M. Paul*
                     Maurice M. Paul, Senior District Judge